# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-285V
UNPUBLISHED

| | |
|---|---|
| DIANE JANNI, as Personal Representative Of the Estate of JOSEPH JANNI,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 19, 2023<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Dismissal of Death Benefit Claim; Concession; Table Injury; Influenza (Flu) Vaccine; Guillain-Barré Syndrome (GBS) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

**RULING ON ENTITLEMENT and DISMISSAL OF DEATH BENEFIT CLAIM**[1]

      On March 11, 2022, Diane Janni filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") on behalf of decedent Joseph Janni. Petitioner alleges that Mr. Janni suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on September 25, 2019, which later resulted in his death on October 30, 2019. Petition at ¶ 8. Petitioner further alleges that Mr. Janni suffered the residual

---

[1] Because this Ruling contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

effects of his injury until his death, and that there has been no prior award or settlement of a civil action on Mr. Janni's behalf as a result of his injury. Petition at ¶¶ 7,9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 1, 2022, Respondent filed his Rule 4(c) Report in which he concedes that Petitioner is entitled to compensation in this case for Mr. Janni's vaccine-related GBS injury, but denies that Petitioner is entitled to the statutory death benefit. ECF No. 14 at 1. Petitioner filed a Response to Respondent's Rule 4 on March 15, 2023. ECF No. 16. Petitioner defers to me whether her claim for the death benefit under the Act should be dismissed. *Id.* According, this matter is ripe for my resolution.

The Vaccine Act requires that "if a death occurred as a result of the administration of . . . a vaccine, no petition may be filed for compensation under the Program for such death after the expiration of *24 months from the date of death* . . . ." Section 16(a)(3) (emphasis added). Mr. Janni died on October 30, 2019. Ex. 5. The Petition was filed, however, on March 11, 2022, more than 28 months after Mr. Janni's death. ECF No. 1. And Petitioner has otherwise established no basis for equitable tolling of the limitations period. Therefore, **I find that Petitioner's claim for the death benefit of $250,000.00 under Section 15(a)(2) must be dismissed as untimely filed**.

In regard to Petitioner's claim for Mr. Janni's GBS injury, as Respondent point out, the Federal Circuit has held that the Vaccine Act's relevant limitations provisions are separately assessed. ECF NO. 14 at 3 (citing *Griglock v. Secy. of Health and Hum. Servs.,* 687 F.3d 1371, 1375 (Fed. Cir. 2012)). Even though a death-related claim is untimely, I find that Petitioner's claim for Mr. Janni's GBS injury was timely filed (as Respondent concedes), since it was initiated within "36 months after the occurrence of the first symptom or manifestation of onset" of his GBS – or before late September 2022 (the earliest time for potential onset). Section 16(a)(2).

In addition, regarding the merit of Petitioner's Table Injury claim for Mr. Janni's GBS injury, Respondent agrees

> [P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table (Table) and the Qualifications and Aids to Interpretation (QAI), which afford petitioner a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause.

ECF No. 14 at 3-4 (citing Section 14(a)(XIV)(D), (c)(15)). Respondent further agrees that Petitioner has satisfied the Vaccine Act's severity requirement, Section 11(c)(1(D), as he

underwent a surgical intervention, specifically a gastrostomy, while he was hospitalized. *Id.* at 4.

**In view of Respondent's position, and the evidence of record, I find that Petitioner is entitled to compensation for Mr. Janni's GBS injury. Petitioner's claim for the death benefit of $250,000.00 associated with Mr. Janni's death, §15(a)(2), is dismissed as untimely filed.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
