# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 22-285V**

|  |  |
|---|---|
| DIANE JANNI, *as Personal Representative of* Estate of JOSEPH JANNI,<br><br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: March 23, 2026 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 11, 2022, Diane Janni (on behalf of the estate of Joseph Janni) filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Mr. Janni suffered Guillain-Barré syndrome as a result of an influenza ("flu") vaccine administered to him on September 25, 2019, which later resulted in his death on October 30, 2019. Petition, ECF

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

No. 1. On April 19, 2023, I issued a Ruling on Entitlement in Petitioner's favor, but dismissing Petitioner's claim for the death benefit under Section(15)(a)(2) as untimely filed. ECF No. 17. On June 16, 2025, following the submission of briefs and an expedited Motions Day hearing, I issued a decision awarding compensation to Petitioner. ECF No. 35.

Petitioner has now filed a motion for a final award of attorney's fees and costs, requesting an award of $46,001.20 (representing $42,152.60 in fees plus $3,848.60 in costs). Application for Attorneys' Fees and Costs ("Motion") filed August 11, 2025, ECF No. 40. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 40 at 2.

Respondent reacted to the Motion on August 13, 2025. ECF No. 41 ("Response"). Respondent acknowledges that Petitioner is "entitled to an award of *reasonable* fees and costs" because she "received compensation for part of her claim." Response at 1 (emphasis in original). But Respondent "believes that reductions are warranted, particularly billing entries reflecting [Petitioner's] counsel's reaction to being informed that a substantial portion of petitioner's claim was time barred." *Id*. On August 20, 2025, Petitioner filed a reply addressing Respondent's objection and requesting that the amount of fees and costs listed in Petitioner's motion be awarded. ECF No. 42 ("Reply").

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's Motion, awarding fees and costs in the total amount of $43,653.65.

## I.    Calculation of Attorney's Fees

### A.  Hourly Rates

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

2

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years in which work was performed:

|  | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| Leah Durant | $395 | $420 | $441 | $463 | $486 | $530 |
| Christopher Williams | - | - | $341 | $350 | $376 | - |
| Glenn MacLeod | - | - | $525 | - | - | - |
| Michael Milmoe | - | - | - | $553 | - | $627 |
| Mateo Forero-Norena | - | - | - | - | $385 | - |
| Iain McLeod | - | - | - | - | - | $395 |

Motion, Ex. 1 at 1-12.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be adopted.

### B. Hours Expended

Fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

In his December 1, 2022, Rule 4(c) Report, Respondent conceded entitlement for Mr. Janni's vaccine injury claim but denied that Petitioner was entitled to the statutory death benefit. ECF No. 14. I thereafter set deadlines for resolution of the parties' dispute regarding Petitioner's eligibility to the death benefit in this case. *See* Non-PDF Scheduling Order, filed December 14, 2022; *see also* Informal Communication (Remark), filed

December 14, 2022. Petitioner's response was filed approximately three months later. ECF No. 16.

Respondent asserts that "[w]hether the hours are characterized as excessive or unnecessary," he objects to the $4,695.10 in fees billed by Petitioner in response to the Rule 4(c) Report. Response at 3. Respondent argues that these fees were not reasonable, because Petitioner's counsel should have been aware of the relevant statute of limitations for seeking the death benefit prior to filing her case. *Id*. Additionally, Respondent highlights that Petitioner's counsel "had well over a year to timely file [P]etitioner's claim for both compensation and the death benefit, but for whatever reason did not opt to file until after the limitations period for the death benefit had lapsed." *Id*. On this basis, Respondent asserts that it would be "eminently reasonable" for me to "downwardly depart from firm rates" based on the "quality of work performed." *Id*. citing *Disantis v. Sec'y of Health & Hum. Servs.*, No. 22-1361V, 2025 WL 2305042, at *2 (Fed. Cl. Spec. Mstr. July 8, 2025) (citing factors stated in *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015)).

Petitioner contends in reaction that she was "required to bring the death claim and injury claim together in one petition . . . ." and given this "one petition rule," the work performed by Petitioner's counsel on the death benefit claim "was neither excessive or unnecessary." Reply at 2 (citing 42 U.S.C. § 300aa-11(b)(2) "Only one petition may be filed with respect to each administration of a vaccine"). Petitioner explains that there is "no jurisdictional argument" in Respondent's objection, adding that her contention was that "Petitioner's death *was* caused by his vaccine injury." *Id*. (emphasis in original). Thus, "[b]y virtue of the one petition rule, [P]etitioner is specifically precluded from filing two separate petitions, one for [P]etitioner's injury and one for [P]etitioner's death . . . ." and because the Petition itself was deemed timely filed, she is entitled to all fees incurred in its preparation (even those specific to the otherwise-untimely death benefit). *Id*. Additionally, Petitioner asserts that "the 'reaction time' [P]etitioner expended in responding to Respondent's Rule 4(c) Report was reasonably expended in a case where the injury and death claims were appropriately filed in the same petition, and the two claims were subject to the exact same fact pattern." *Id*. at 3. Finally, regarding the timeliness of the death benefit claim, Petitioner asserts that Respondent's "rank speculation" that Petitioner's counsel "must likely [*sic*] acted improperly . . . . presents no valid reason to reduce rates otherwise set by the Court." *Id*. at 4.

Respondent's objection presents two issues: first, whether the  fees incurred in connection with responding to Respondent's Rule 4(c) Report should be denied or limited; and second, whether a general departure from counsel's hourly rates is warranted. I find

4

that neither argument is fully persuasive – but that I will nevertheless reduce the fees to be awarded that were expended on the issue of the death benefit.

The Vaccine Act permits an award of attorneys' fees and costs in an *unsuccessful case*, stating "the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa–15(e)(1). The Supreme Court has held that this provision of the Act extends even to untimely petitions. *See Sebelius v. Cloer*, 675 F.3d 1358, 1361 (Fed. Cir. 2012), *aff'd sub nom. Sebelius v. Cloer*, 569 U.S. 369, 375, 133 S. Ct. 1886, 185 L. Ed. 2d 1003 (2013) (holding that an untimely petition is eligible for an award of attorneys' fees, so long as the petition was brought in good faith and there was a reasonable basis for the claim). This reasonable basis determination applies to the petition as a whole, as opposed to each individual legal theory or benefit that may arise or be sought within it. The Vaccine Act's structure supports this concept by only allowing one petition per vaccine administration, or what Petitioner described as the "one petition rule." *See* Reply at 2; 42 U.S.C. § 300aa-11(b)(2). Because the Act does not permit separate petitions for separate benefits arising from the same vaccine administration, it would be incongruous to evaluate each benefit individually and subject to its own independent reasonable basis analysis.

Here, Petitioner's *vaccine injury claim* was timely filed and resulted in an award for damages – so the claim's overall reasonable basis is not in dispute. But the dismissal of the death benefit claim on timeliness grounds is a separate determination from Petitioner's entitlement on the basis of the vaccine injury claim. That dismissal was a determination of Petitioner's entitlement to a specific benefit arising out of her Vaccine Act injury claim. It thus cannot be said to be subject to an independent reasonable basis evaluation, even if that aspect of the claim was unsuccessful, any more than a claim for a damages component in a case (say, lost wages) that was rejected could result in a blanket denial of fees associated with prosecution of that demand, simply given how facially weak the demand was.

Nevertheless – it is clearly the province of a special master to evaluate whether a fees demand is "reasonable." And the obligation to justify the reasonability of a fees request exists even in successful cases. Thus, I am permitted to consider whether time devoted to the prosecution of the death benefit claim in this matter was reasonably spent.

5

Petitioner's counsel billed 10.1 hours, totaling $4,695.10, for work performed between December 2, 2022 (one day after the Rule 4(c) Report was filed) and March 15, 2023 (the same day Petitioner filed her response). Motion, Ex. 1 at 5-6. Petitioner's counsel describes this work as reviewing and evaluating evidence and orders, conducting legal research, devising legal strategy, client communication, and drafting. *Id.* Counsel's billing entries present the general issue of vagueness with the descriptions of the work, which frustrates my ability to assess the reasonableness of the time billed. The record does not reflect, nor does Petitioner explain, what specifically was researched, what strategies were developed or considered, or the nature and purpose of the client communication. *See Avgoustis v. Shinseki*, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011) (holding that the disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication.).

The work product that was eventually produced by this labor was a single page, in which Petitioner stated that she "agrees that [P]etitioner is entitled to an award of compensation for his vaccine-related injury, and . . . defers to the Chief Special Master as to whether [P]etitioner's claim for the Act's death benefit should be dismissed." ECF No. 16 at 1. This response provides no legal argument, no explanation of the untimely filing, nor any other defense to Respondent's challenge to the timeliness of the death benefit demand.

The statute of limitations for the death benefit claim is unambiguous, and Petitioner has not at any point disputed the timeliness of the death benefit claim, which left no viable legal argument as it related to the basis for the dismissal. Petitioner's argument that the death benefit claim had to be alleged in the same Petition as her larger claim, while factual, is irrelevant to whether *reasonable* time was devoted to evaluating the death benefit claim. The lack of specificity in the billing entries, and the cursory response that was ultimately filed by Petitioner, are not sufficient to justify the amount of time billed. Accordingly, I find it appropriate (in the exercise of my discretion to make reasonable and justified across-the-board reductions) to reduce this set of entries by 50%, resulting in a reduction of **$2,347.55**.

I decline, however, to make a general downward departure from Petitioner's counsel's established hourly rates as the means of addressing the reasonableness of these attorney time expenditures. Respondent only argues that "Counsel's firm had well over a year to timely file petitioner's claim for both compensation and the death benefit, but for whatever reason did not opt to file until after the limitations period for the death benefit had lapsed." Response at 3. But as previously explained, counsel's rates are

consistent with those previously awarded for their Vaccine Program work. And I do not find that the most efficient or appropriate means of addressing this billing is to cut rates, when a time reduction serves the purpose equally well.

I have reviewed the remaining billing entries and find that they adequately describe the work done in the case and the amount of time spent on that work. Petitioner is therefore awarded final attorney's fees of $39,805.05.

## II.        Calculation of Attorneys' Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $3,848.60 in outstanding costs, including the acquisition of medical records, professional review of those records, the Court's filing fee, postage, and parking during the hearing. *See* Motion, Ex. 2. Petitioner has provided supporting documentation for all claimed costs. *See id*. The costs requested herein are typical in Program cases and were reasonably incurred in this matter, and Respondent offered no specific objection any of the amounts sought. Therefore, I find the requested costs reasonable and hereby award them in full.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $43,653.65 (representing $39,805.05 in fees plus $3,848.60 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix

B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.